**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

**WALTER FREISEM, an individual,**

Plaintiff, Civil Case No.____________

v.

**CAROL HAMM, an individual,**
**COSMOS GRANT, an individual,**
**SUFFOLK COUNTY COURT EMPLOYEES ASSOCIATION, INC.,**
**JOHN DOES 1-5, in their individual capacities,**
**and JANE ROES 1-5, in their individual capacities,**

Defendants.

---

COMPLAINT

Comes now, Plaintiff Walter Freisem, through his undersigned attorneys, and files this federal civil rights complaint seeking damages for violating clearly established constitutional rights under color of state law pursuant to 42 U.S.C. 1983 and companion state law claim for breach of the duty of fair representation by Plaintiff's union. Plaintiff states as follows:

SUBJECT MATTER JURISDICTION

1. This Court possesses subject matter jurisdiction over Plaintiff's claims because they arise under federal law for purposes of 28 U.S.C. 1331, and Plaintiff's state law claim satisfies the jurisdictional requirements of 28

U.S.C. 1367 for supplemental jurisdiction. Both the federal and state claims rest on the same nucleus of operative fact such that both are deemed a single case or controversy under Article III of the Constitution.

## PERSONAL JURISDICTION

2. This Court possesses personal jurisdiction over Defendants because their alleged wrongful acts giving rise to Plaintiff's claims occurred in New York.

## VENUE

3. Venue is proper in this district under 28 U.S.C. 1391 (b) (1) and (2) because the events that gave rise to Plaintiff's claims occurred in the district and Defendants reside there.

## PARTIES

4. Plaintiff Walter Freisem served 28 years as a New York State Court Officer/ Senior Court officer. He was coerced into submitting a resignation letter on April 22, 2022, proximately caused by violation of his constitutional rights under the due process clause of the Fourteenth Amendment. Plaintiff resides at 857 Wall Street, Bohemia, New York. Plaintiff is married with three children.

5. Defendant Carol Hamm supervised Inspector General Cosmos Grant in the New York State Office of Court Administration at all times relevant to this Complaint.

6. Defendant Cosmos Grant served as Inspector General of the New York State Office of Court Administration at all times relevant to this Complaint.

7. Defendant John Does 1-5 were officials in the New York State Office of Court Administration who worked in tandem to send an April 11, 2022, letter to Plaintiff from the New York State Office of Court Administration directing Plaintiff to obtain a COVID vaccination within 14 days or be fired for cause and forfeit all retirement benefits.

8. Defendant Jane Roes 1-5 were officials in the New York State Office of Court Administration who worked in tandem to send an April 11, 2022, letter to Plaintiff from the New York State Office of Court Administration directing Plaintiff to obtain a COVID vaccination within 14 days or be fired for cause without a hearing and forfeit all retirement benefits.

**9.** Defendant Suffolk County Court Employees Association, Inc. union represented Plaintiff at all times relevant to this Complaint. The union advised his decision to resign under duress without conducting due diligence regarding the facts and circumstances of the resignation. Gerard Gwinn was President of Suffolk County Court Employees Association, Plaintiff's union, at all times relevant to the Complaint and advised Plaintiff' to resign under duress without conducting due diligence regarding the facts and circumstances of the resignation. Joseph Gagnon was First Vice President of Suffolk County Court Employees Association, Plaintiff's union, at all times

relevant to the Complaint and advised Plaintiff' to resign under duress without conducting due diligence regarding the facts and circumstances of the resignation. John Tuffarella was Second Vice President of Suffolk County Court Employees Association, Plaintiff's union, at all times relevant to the Complaint and advised Plaintiff' to resign under duress without conducting due diligence regarding the facts and circumstances of the resignation.

Marty Glennon, Esq., Archer, Byington, Glennon and Levine, LLP was the attorney for the Suffolk County Court Employees who substantially coerced Plaintiff's resignation under duress by neglecting to protect Plaintiff's constitutional rights during the preliminary investigation conducted by the Inspector General office.

## STATEMENT

10. On or about January 28, 2022, after serving 28 years as a New York State Court Officer/Senior Court officer, Plaintiff was summoned without notice to see the Lieutenant in District Court, Suffolk County, Central Islip.

11. Plaintiff arrived and was directed to surrender his firearm without explanation. Plaintiff was next directed to return home to retrieve his off-duty weapon to surrender expecting to be met by Captain Vota without explanation.

12. New York State Court Officer Major Santiago informed Plaintiff that he would in due course receive disciplinary charges followed by an investigation by an Inspector General and a hearing at some indefinite time.

13. Plaintiff was then under care of a cardiologist for heart problems that were manifesting symptoms. Plaintiff was scheduled to undergo a stress test the next week.

14. Plaintiff reported to work on January 31, 2022, and was informed that he was suspended with pay.

15. Plaintiff began using his annual leave and "comp" time.

16. Plaintiff was then provided a Memo alleging his unfitness for office for failing to comply with the vaccination policy of the New York State Court System notwithstanding Plaintiff's uploading a vaccination card. The Memo, without explanation, declared the vaccination card deficient.

17. Later, on January 31, 2022, Plaintiff was directed to appear the next morning to answer questions from the Inspector General related to the contemplated charges against him. The stress to Plaintiff caused him to lose consciousness.

18. Plaintiff appeared on February 1, 2022, notwithstanding his impaired medical condition. Plaintiff was told multiple times by his

Defendant union representatives that he could be terminated for failure to appear.

19. Plaintiff's questioning that day occurred remotely with the supervisor of the Inspector General, Carol Hamm, the Inspector General Cosmos Grant, Plaintiff's Defendant union President, and Plaintiff's wife as his legal counsel.

20. Plaintiff was advised by Inspector General Grant that he was under investigation for misconduct that could result in both a criminal prosecution and disciplinary proceedings from the Office of Court Administration and ultimate termination for cause which would forfeit Plaintiff's retirement benefits.

21. Plaintiff was advised that a failure to cooperate by invoking his Fifth Amendment privilege against compulsory self-incrimination could result in his termination both by Inspector General Grant and by his Defendant Union representative.

22. After pro forma questioning, Plaintiff refused answers to questions about his uploaded vaccination card based on advice of counsel that a response might tend to incriminate Plaintiff.

23. Under New York law, false presentation of a vaccination card is classified as an E Felony. The questions directed to Plaintiff were aimed at inducing him to confess to a crime he did not commit.

24. Inspector General Grant repeatedly warned Plaintiff that a failure to cooperate and answer questions could eventuate in disciplinary action, and that answers Plaintiff did provide could be used in a criminal prosecution against him. These warnings were given to Plaintiff by Defendant Union officers.

25. Plaintiff was informed over the next weekend of the decision of the United States Supreme Court in *Garrity v. New Jersey,* 385 U.S. 493 (1967) that government is constitutionally prohibited from terminating an employee for invoking the Fifth Amendment privilege against compulsory self-incrimination. Plaintiff's Defendant Union representative, however, wrongly advised that *Garrity* did not apply in his circumstances without elaboration.

26. Plaintiff discussed his *Garrity* rights with the Union representatives Defendants Gwinn, Gagnon and Tuffarella. They stated that the Union attorney, Marty Glennon, Esq, advised that *Garrity* did not apply, and that Plaintiff had no recourse but to submit to questions.

27. Plaintiff's questioning by the Inspector General resumed the next day along with a court reporter with still no articulation of the charges against him. Plaintiff again, after answering pro forma questions, refused to respond relying on Plaintiff's Fifth Amendment privilege.

The Inspector General was intent not only on discipling Plaintiff, including termination for cause, but also exposing Plaintiff to criminal prosecution.

28. On February 22, 2022, Plaintiff received a letter from the Inspecter General stating that his report had been complete but without the report itself.

29. On March 11, 2022, Plaintiff received a letter from the New York State Court Office of Administration declaring Plaintiff was suspended for 30 days without pay with no option to use Plaintiff's own time. The letter also included formal charges, i.e., that Plaintiff had uploaded a falsified vaccine certificate.

30. Plaintiff never received a hearing date for the charges. Instead, on April 11, 2022, Plaintiff received a notice from the Office of Court Administration ordered by John Does 1-5 or Jane Roe's 1-5 that expressly or impliedly decreed, without a hearing, that Plaintiff's vaccination certificate was fraudulent, and that Plaintiff had 14 days to obtain a valid vaccination card or be terminated for cause. Defendant Union and Union officials advised him to surrender to the OCA's ultimatum because there were no legal guardrails that constrained what OCA could do. Union officials were unanimous on that score, including President Gerard Gwinn and Vice President Joseph Gannon.

31. Despite Plaintiff's discussion with Gwinn, Gannon, and Turfarella of his violated rights, they advised Plaintiff that the Union attorney would not make any efforts to seek to have the 14-day notice voided or to contest its validity.

32. Plaintiff felt abandoned and helpless. To compound Plaintiff's stress, Plaintiff was experiencing acute heart problems. Plaintiff's cardiologist advised Plaintiff that he was disabled and unable to work. Plaintiff was placed on FMLA/SL [sick leave] with the approval of OCA.

33. The Defendant Union advised Plaintiff that his only real option was to resign to preserve his retirement and benefits that would be forfeited *in toto* if he were discharged for cause for failure to convince OCA that he had a valid vaccination certificate. Plaintiff was advised he could not invalidate the 14-day notice simply because the vaccination card he had previously uploaded had been arbitrarily and capriciously pronounced invalid without a hearing. Among those advising Plaintiff were Union delegate John Turfarella, VP Gannon, President Gwinn, Major David Santiago, Capt. Vota, and Lauren Baer in District Administration.

34. A Sword of Damocles was hanging over the head of Plaintiff. If he declined to resign, he would risk termination for cause and forfeit the following in retirement benefits or compensation: lost salary for

over two years of $450,000; lost estimated pension according to actuarial tables of $2, 208.000; loss of medical benefits for himself and family equivalent to $700,000. Plaintiff was thus risking a loss of nearly $3.6 million if Plaintiff refused to resign.

35. Plaintiff was coerced by Defendants to resign on April 22, 2022, to avoid the risk of loss of nearly $3.6 million.

36. Defendants Hamm and Grant knew or should have known that threatening to discharge Plaintiff for invoking his Fifth Amendment right to silence violated clearly constitutional law established law ordained by the United States Supreme Court in *Garrity v. New Jersey,* 385 U.S. 493 (1967), and its progeny.

37. Defendants John Does 1-5 or Jane Roes 1-5 knew or should have known that threatening to discharge Plaintiff without a hearing if he neglected to obtain a new COVID vaccination certificate in 14 days violated the clearly established right of Plaintiff to due process before deprivation of a liberty or property interest as clearly established by the United States Supreme Court in *Board of Regents v. Roth,* 408 U.S. 564 (1972) and *Perry v. Sindermann,* 408 U.S. 593 (!972), and their progeny.

**Count 1-Violation of Fifth Amendment Rights under color of state law in violation of 42 U.S.C. 1983**

38. Plaintiff re-alleges paragraphs 1-37 anew.

39. Defendants Carol Hamm and Cosmos Grant substantially contributed to the coercion on Plaintiff to resign on April 22, 2022, by denying Plaintiff his clearly established constitutional right to silence under color of state law in violation of 42 U.S.C. 1983 which they could have reasonably foreseen would have precipitated Plaintiff's coerced resignation.

40. Plaintiff has suffered damages approaching $3.6 million because of violation of Plaintiff's clearly established constitutional right to silence.

**Count 2-Violation of due process under color of state law in violation of 42 U.S.C. 1983**

41. Plaintiff realleges paragraphs 1-40 anew.

42. Defendants John Does 1-5 and Jane Roes 1-5 substantially contributed to the coercion on Plaintiff to resign on April 22, 2022, by denying Plaintiff his clearly established constitutional right to due process before deprivation of a constitutionally cognizable liberty or property interest by ordaining that Plaintiff would be fired for cause without a hearing in violation of 42 U.S.C. 1983 absent a new COVID vaccination certificate by April 25, 2022, which Defendants knew or should have foreseen would precipitate Plaintiff's coerced resignation.

43. Plaintiff has suffered damages approaching $3.6 million because of violation of Plaintiff's clearly established constitutional right to due process by Defendants John Does 1-5 and Jane Roes 1-5.

**COUNT 3-VIOLATION OF DUTY OF FAIR REPRESENTATION**

44. Plaintiff realleges paragraphs 1-43.

**45.** Defendant Suffolk County Court Employees Association, Inc. was the union representing Plaintiff at all times relevant to this Complaint and advised his decision to resign under duress without conducting due diligence regarding the facts and circumstances of the resignation in violation of its duty of fair representation.

46. Defendant Union's violation of the duty of fair representation caused Plaintiff vast damages in diminished retirement benefits in an amount to be determined at trial.

**PRAYER FOR RELIEF**

Plaintiff requests entry of judgment in favor of Plaintiff on Counts 1, 2 and 3 and order the following relief:

(i) Damages of $3.6 million severally and collectively against Defendants Hamm, Grant, John Does 1-5 and Jane Roes 1-5; and the Defendant Union.

(ii) Pre-judgment and post-judgment interest;

(iii) Attorney's fees pursuant to 42 U.S.C. 1988;

(iv) Costs;

(v) And such other relief that this Court finds just and proper in the circumstances.

## JURY TRIAL

Plaintiff demands a jury trial on all matters triable by jury.

Respectfully submitted,


*/s/Bruce Fein*
Law Offices of Bruce Fein
300 New Jersey Avenue, N.W., Suite 300
Washington, D.C. 20001
Phone: 202-465-8728
Email: bruce@feinpoints.com'
Pro hac vice motion pending
Counsel for Plaintiff

*/S/Elisa Treglia*
Law office of Elisa Treglia, PLLC
2150 Joshuas Path, Suite 301
Hauppauge, NY 11788
Phone: 516-847-0267
Email: treglialaw@gmail.com
Counsel for Plaintiff