UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WALTER FREISEM,

Plaintiff,

-against-

CAROL HAMM, an individual, COSMOS GRANT, an individual, SUFFOLK COUNTY COURT EMPLOYEES ASSOCIATION, INC., JOHN DOES 1-5, in their individual capacities, and JANE ROES 1-5, in their individual capacities,

Defendants.
-------------------------------------------------------------X

PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

CV 25-0141 (JMA)(ARL)

**PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION**

**OF MAGISTRATE JUDGE LINDSAY**

Plaintiff Walter Freisem, by and through undersigned counsel, respectfully submits these objections, pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), to the Report and Recommendation of Magistrate Judge Arlene R. Lindsay dated August 27, 2026 (ECF No. 29) (the "R&R"), recommending that the motions to dismiss filed by the State Defendants (ECF No. 26) and Defendant Suffolk County Court Employees Association, Inc. ("SCCEA") (ECF No. 27) be granted in their entirety. For the reasons set forth below, Plaintiff respectfully requests that this Court reject the R&R's recommendations as to Plaintiff's Fifth Amendment and due process claims, and decline to adopt the R&R in those respects. In the alternative, Plaintiff requests an opportunity to amend to cure any factual lacunae in these latter claims for relief.

## PRELIMINARY STATEMENT

As the case caption and Complaint establish, Plaintiff did not sue the State Defendants in their official capacities, only in their individual capacities. Plaintiff further did not claim relief against SCCEA under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Plaintiff is puzzled as to why the Magistrate Judge created these straw men to knock them down like warm-up exercises.

Plaintiff respectfully objects to the R&R's recommendations that (I) the Fifth Amendment claim against Defendants Hamm and Grant be dismissed for failure to state a claim; (II) the due process claim against the John and Jane Doe Defendants be dismissed; and (III) the claim against Defendant Hamm be dismissed for lack of personal involvement. Each of these recommendations rests on a characterization of the Complaint's factual allegations that neglects to draw all reasonable inferences in Plaintiff's favor, as required at the pleading stage. Each warrants *de novo* review. Plaintiff's Fifth Amendment and due process claims for relief more than amply satisfy the "plausibility" standard of *Twombly* and *Iqbal*. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), a district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. The underlying Fifth Amendment and due process motions were brought under Rule 12(b)(6). Plaintiff is thus "entitled to all reasonable inferences from the facts alleged." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004). The R&R's fumbles on that score are properly reviewed *de novo.*

## ARGUMENT

### I. THE R&R ERRED IN DISMISSING THE FIFTH AMENDMENT CLAIM

The R&R recommends dismissal of Plaintiff's Fifth Amendment claim against Defendants Hamm and Grant on multiple grounds. Each is wrong as a matter of law.

For starters, the R&R (p. 11) wrongly declares that the Fifth Amendment applies only to criminal proceedings. *See McCarthy v. Arndstein*, 266 U.S. 34, 40 (1924). The R&R again blunders in asserting that the Fifth Amendment privilege applies only to the conduct of federal but not state officials. *See Malloy v. Hogan*, 378 U.S. 1 (1964).

Additionally, contrary to the R&R, Plaintiff was informed that, notwithstanding the absence of immunity,  had he must incriminate himself and risk criminal prosecution or be fired. That combination fits a *Garrity v. New Jersey*, 385 U.S. 493 (1967) violation like a glove. (An employee cannot be forced to choose between the risk of criminal prosecution and discharge.)

Also contrary to the R&R, Plaintiff was constructively discharged when faced with the Hobson's choice between self-incrimination and firing, the latter of which would cause Plaintiff to forfeit nearly $3.6 million in retirement benefits. Compl. ¶¶ 21, 34-35. That prospect of financial calamity or coercion for invoking the Fifth Amendment caused Plaintiff's resignation under duress, and thus was no defense to the *Garrity* violation. 385 U.S. at 496-98.

The R&R (p. 13) further recommends dismissal because the "proper remedy" for a Fifth Amendment violation of this kind is suppression in a subsequent criminal proceeding. But no criminal prosecution was ever initiated. A suppression remedy was illusory, like a munificent bequest in a pauper's will. *Edwards v. California*, 314 U.S. 160, 186 (1941) (Jackson, J., concurring). A legal right with no legal remedy casts obloquy on our system of justice. *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 163 (1803) ("The government of the United States has been

emphatically termed a government of laws, and not of men. It will certainly cease to deserve this high appellation, if the laws furnish no remedy for the violation of a vested legal right."). If damages are not available to Plaintiffs in these circumstances, their Fifth Amendment rights under *Garrity* can be trampled with impunity—like a crime without punishment. The law should be interpreted to advance, not subvert justice. It's either damages for Plaintiff or nothing.

## II. THE R&R ERRED IN DISMISSING THE DUE PROCESS CLAIM

The R&R recommends dismissal of the due process claim against the John and Jane Doe Defendants on the ground that an Article 78 proceeding was available to Plaintiff as an adequate post-deprivation remedy, relying on *Giglio v. Dunn*, 732 F.2d 1133 (2d Cir. 1984), and its progeny. But the *Giglio* gospel applies only when a pre-deprivation hearing would have been "impractical." R&R, p. 14. And we know for certain that a pre-deprivation hearing was eminently practical because Defendants themselves scheduled one before a hearing examiner on March 17, 2022, to determine whether Plaintiff had submitted a fraudulent COVID vaccination card. Discovering no evidence to support the fraud allegation, Defendants then inexplicably somersaulted and declared Plaintiff guilty without a hearing or trial on April 11, 2022. They ordered him to obtain a valid vaccination card promptly or be fired on April 25, taking a page from the Queen of Hearts in *Alice in Wonderland*: "Sentence first—verdict afterwards."

Defendants cannot plausibly argue that a pre-deprivation hearing for Plaintiff was impractical, notwithstanding months of investigation, when they precipitously abandoned a pre-deprivation hearing because no evidence of fraud had been unearthed. Defendants then decreed Plaintiff guilty of fraud without a hearing of any type like a drive-by shooting, a classic due process violation. Compl. ¶¶ 29-30.

The R&R (p. 16) errantly maintains that Plaintiff was victimized by a random, unauthorized act. But the April 11, 2022, ultimatum was a standardized notice to public employees in general. It was not uniquely delivered to Plaintiff. And Defendants have never insinuated that the notice-ultimatum was unauthorized, and thus ultra vires.

The Complaint alleges that the John and Jane Doe Defendants, acting in their official capacities within the Office of Court Administration, followed a formal notice-and-ultimatum procedure — investigation, suspension without pay, formal charges, and a written 14-day directive. Compl. ¶¶ 28-30. These are the hallmarks of an authorized institutional process, not an unforeseeable act by a rogue actor. No Defendant was ever rebuked or disciplined for sending the notice-ultimatum.

## III. THE R&R ERRED IN DISMISSING THE CLAIM AGAINST DEFENDANT HAMM FOR LACK OF PERSONAL INVOLVEMENT

The Complaint alleges Defendant Hamm, as supervisor of the Inspector General, was present at and participated in the February 1, 2022, remote interrogation of Plaintiff, during which Plaintiff was warned that invoking his right to silence could result in termination with no protection against criminal prosecution. Compl. ¶¶ 19-21, 36. Read in the light most favorable to Plaintiff, these allegations plausibly suggest that Hamm was not a passive observer but an integer in the very interrogation and threats undergirding Plaintiff's Fifth Amendment claim. The personal involvement standard under *Back v. Hastings on Hudson Union Free School District*, 365 F.3d 107 (2d Cir. 2004), does not require a formal decision-making role; presence at, and participation in, the unconstitutional conduct itself is sufficient at the pleading stage. Plaintiff respectfully submits that the R&R applied an improper, unforgiving pleading standard of legal responsibility to exonerate Hamm on a motion to dismiss.

## IV. QUALIFIED IMMUNITY SHOULD NOT BE RESOLVED ON THIS RECORD

The R&R did not reach the State Defendants' qualified immunity argument, having found no underlying constitutional violations. Plaintiff respectfully submits that if this Court finds a plausible Fifth Amendment or due process violation as set forth above, qualified immunity should be addressed in a separate proceeding after full briefing and oral argument. A defendant asserting the defense faces a "formidable hurdle" and the plaintiff is entitled to all reasonable inferences that defeat the defense. *McKenna*, 386 F.3d at 434, 436.

## V. PLAINTIFF PRESERVES, WITHOUT FURTHER BRIEFING, HIS OBJECTION AS TO THE SCCEA

Plaintiff does not substantively contest the duty of fair representation claim against the SCCEA, or the timeliness of that claim under the four-month limitations period of N.Y. C.P.L.R. § 217(2)(a). Plaintiff notes these issues here solely to preserve them for appellate review and does not request that this Court revisit them absent further order.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court decline to adopt the R&R's recommendations as to Plaintiff's Fifth Amendment claim, due process claim, and the personal involvement of Defendant Hamm, and deny the State Defendants' motion to dismiss in those respects. In the alternative, Plaintiff requests leave to amend the factual allegations pertinent to those claims to cure any putative lack of granularity. Plaintiff does not object to the remainder of the R&R.

Dated: Hauppauge, New York
September 4, 2026

Respectfully submitted,

LAW OFFICE OF ELISA TREGLIA, PLLC

Elisa Treglia, Esq.
150 Motor Parkway, Suite 119
Hauppauge, New York 11788
(516) 847-0267
elisa@tregliaattorney.com
*Attorney for Plaintiff Walter Freisem*

Bruce Fein, Esq.
LAW OFFICES OF BRUCE FEIN
300 New Jersey Avenue, N.W., Suite 300
Washington, D.C. 20001
(202) 465-8728
bruce@feinpoints.com
*Attorney for Plaintiff Walter Freisem,*
*admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2026, I caused a true and correct copy of the foregoing Plaintiff's Objections to the Report and Recommendation of Magistrate Judge Lindsay to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Elisa Treglia, Esq.